GEORGE S. CARDONA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    Email: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

**MADE JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>vs.<br>Keith M. Markley, et al.,<br>    Defendants. | Case No. CV 09-05036 GW (FFMx)<br>Judgment |

Pursuant to the Stipulation to Resolve the First Claim for Relief to Reduce Federal Income Tax Assessments to Judgment as Against Keith Markley, and for good cause showing:

**IT IS ORDERED**

1.    On September 25, 2009, the United States filed its First Amended Complaint to (1) Reduce Federal Tax Assessments to Judgment Against Keith M. Markley, (2) Reduce Federal Tax Assessments to Judgment Against Robert Valdez, and (3) Foreclose Federal Tax Liens on Real Property (Amended Complaint).

2. On February 24, 2010, the United States filed a Stipulation to Resolve the First Claim for Relief to Reduce Federal Income Tax Assessments to Judgment as Against Keith Markley. Docket number 44. This resolved the First Claim for Relief in favor of the United States.

3. As for the Second Claim for Relief, as of the date of this stipulation Robert Valdez has no balance due to the United States for tax years 2005 and 2006. This resolves the Second Claim for Relief.

4. As for the Third Claim for Relief, Keith Markley has unpaid income tax liabilities for tax years 1998 through 2004.

5. The property located at 2753 Glendower Avenue, Los Angeles, California (the property) and co-owned by Keith Markley and Robert Valdez as tenants in common.

6. The legal description of the property is as follows:

> Lot 155 of Tract No. 3733, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 52, pages 41 and 42 of maps, in the Office of the County Recorder of said County.

7. A lien for Keith Markley's unpaid tax liabilities attaches to Keith Markley's interest in the property.

8. The United States is entitled to foreclose on the property.

9. The United States will not exercise its right to sell the property until 180 days after this Order is entered by the court.

10. Pursuant to the Disclaimer filed by the State of California Franchise Tax Board (FTB) on November 19, 2009, the FTB does not have an interest in the property.

11. Pursuant to the Order entered January 14, 2010 (docket number 41), GMAC Inc., dba GMAC Financial Services, Inc., aka GMAC-RFC (GMAC) and Greenpoint Mortgage Funding (Greenpoint) have mortgages secured by the property and will be paid in accordance with their respective lien priorities. Bank of America, N.A. (Bank of America) does not have an interest in the property.

12. If the property is sold at a private sale:

    a. Keith Markley will submit a request for a certificate of discharge in accordance with Publication 783 (Rev. 8-2005).

    b. Keith Markley will provide the United States the Contract of Sale signed by both the buyer and seller within 2 business days of his receipt of the final version of the Contract.

    c. The United States will have 10 business days from the date of receipt of the Contract of Sale to deny the transaction based on the sales price. This does not affect the ability of the United States to deny the issuance of the Certificate of Discharge for any other reason or to foreclose on the property 180 days after this Order is entered by the court.

    d. The United States shall act in good faith in determining whether to issue a Certificate of Discharge and in processing the application for Certificate of Discharge.

13. The parties agree to bear their own costs and attorney's fees.

14. If the property is sold by foreclosure, the parties shall comply with the following procedure:

15. The property shall be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (Area Director), or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

16. The Area Director, or his delegate, shall sell the subject property in accordance with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a

public sale to be held at Los Angeles County Courthouse, 111 North Hill Street, Los Angeles, California, as follows:

    a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

        i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value). A copy of such appraisal will be provided to both Keith Markley and Robert Valdez within three business days after it is completed.

        ii. The Internal Revenue Service shall act in good faith in appraising the current fair market value of the subject property.

        iii. The minimum bid shall be 75% of the appraised value.

        iv. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

        v. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty,

and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States.

c. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten (10) days from the date of sale. If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to said purchaser.

d. Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

e. The Area Director shall apply the proceeds of sale to expenses of sale and then in the following order of priorities:

   i. First, in satisfaction of any unpaid property taxes owing to the Los Angeles County Treasurer;
   ii. Second, to the first mortgage, held by GMAC or its successor;
   iii. Third, to the second mortgage, held by Greenpoint or its successor;

   iv. The remainder will be divided into two equal portions, one belonging to Keith Markley and the other belonging to Robert Valdez.
     1. The portion belonging to Robert Valdez will be paid directly to him.
     2. The United States will be paid from the portion belonging to Keith Markley.
   v. If any surplus remains after making the aforesaid payments, the Area Director, or his delegate, shall so report, and return and pay the same into the registry of this Court for distribution under further order of this Court.

17. This resolves the Third Claim for Relief in favor of the United States.

18. All three Claims for Relief have been resolved and no other claims remain outstanding in this case.

19. The Court will retain jurisdiction of this action for the purpose of ensuring compliance with the terms of this stipulation and making proper distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale, as well as resolving the remaining issues in this case.

**IT IS SO ORDERED.**

Dated: March 5, 2010

_____
GEORGE H. WU
United States District Judge

Respectfully submitted,
GEORGE S. CARDONA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


GAVIN L. GREENE
Assistant United States Attorney
Attorneys for United States of America